# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JIMMY DEE SMILEY, ) | |
| ) | |
| Defendant/Movant, ) | |
| ) | |
| v. ) | Case No. 2:09-cv-8020-LSC-JEO |
| ) | 2:08-cr-0390-LSC-JEO |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the court is the motion of Jimmy Dee Smiley (hereinafter "the defendant" or "Smiley") to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255. (Doc. 1).[1] Also before the court is his motion for an out-of-time appeal. (08-0390 Doc. 33).[2] The matters were referred to a United States Magistrate Judge for a preliminary review.

The defendant asserts numerous claims for relief in his motion to vacate.[3] In his motion

---

[1] References herein to "Doc. ___" are to the document numbers assigned by the Clerk of the Court.

[2] References herein to "08-0390 Doc. ___" are to the document numbers assigned by the Clerk of the Court in the defendant's original criminal case (*United States v. Jimmy Dee Smiley*, 2:08-cr-00390-LSC-JEO).

[3] The grounds for relief include the following:

1. The defendant was denied due process because his plea was unlawfully induced and not knowingly and intentionally entered in the following ways:

    a. There was a breach of the plea agreement in that the defendant was advised that any sentence imposed would be concurrent;
    b. His competency had not been lawfully decided;
    c. Counsel was ineffective;
    d. He did not understand his constitutional rights that he was waiving by pleading guilty; and,
    e. He did not understand the nature of the charges, the maximum penalties, any mandatory minimum penalties, the court's obligation to apply the Sentencing Guidelines, the waiver of his right to appeal or to collaterally attach the sentence.

2. Trial counsel rendered ineffective assistance in that he failed

for an out-of-time appeal he asserts that his trial counsel failed to appeal his conviction and sentence after being requested to do so.  Premised on a factual dispute between the defendant and his former trial counsel concerning the fact that no appeal was taken, the court set the matter for an evidentiary hearing.  (Doc. 10).  Counsel was appointed to represent the defendant at the hearing.  (Doc. 12 ).

At the evidentiary hearing, the defendant informed the magistrate judge that he did not want to proceed with the hearing or on his motions.  The magistrate judge was told by the defendant that the filing of the motions was based, in part, on the erroneous belief that his conviction on the § 924(c) charge could run concurrent with the armed bank robbery sentence that was imposed by the court.  The magistrate judge explained to the defendant the application of 18 U.S.C. § 924(c)(1)(A)(ii) and 924(c)(1)(D)(ii), which preclude concurrent sentencing.  After consultation with appointed counsel, the defendant informed the magistrate  judge that he did not want to proceed on the motions.  The magistrate judge then conducted a further inquiry of

---

| | | |
|---|---|---|
| a. | to provide competent advice regarding the consecutive nature of a § 924(c) sentence; |
| b. | to provide the defendant with a copy of the plea agreement; |
| c. | to provide the defendant with his presentence investigation report; |
| d. | to conduct witness interviews bearing on the defendant's mental condition; |
| e. | to provide the defendant with a complete copy of the discovery material; |
| f. | to object to comments made by the prosecutor at sentencing; |
| g. | to object to imposition of consecutive sentences by the court; |
| h. | to adequately explain the plea agreement and coercing the defendant into signing the agreement; |
| i. | to advise the court of the defendant's recent suicide attempt; |
| j. | to review the presentence investigation report with the defendant so that timely objections could be made; |
| k. | to provide the defendant with certain documents, so that an adequate post-conviction petition could be researched and filed; |
| l. | to counsel movant with regard to filing an appeal and preserving errors for appellate review; |
| m. | to conduct any meaningful pretrial, trial, or post-trial investigation in an effort to establish any affirmative defense; and, |
| n. | to present mitigating factors. |

(Doc. 1).

the defendant to make certain his decision not to proceed was knowingly, voluntarily and intelligently made.  The magistrate judge was satisfied that the defendant knowingly, voluntarily and intelligently abandoned his motions, and, more specifically, his challenge that counsel did not file an appeal despite being requested to do so.  Accordingly, following the hearing, he entered a Report and Recommendation that the defendant's motion to vacate his conviction and sentence (doc. 1) and his motion for an out-of-time appeal (08-0390 doc. 33) be denied and dismissed as the defendant had abandoned said claims.

The magistrate judge afforded all parties and counsel fourteen (14) days to file any objections.  The Report and Recommendation was served on the defendant as well as counsel.  No objections have been filed by any party or counsel.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report and recommendation is due to be and is hereby **ADOPTED**. Accordingly, the defendant's motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255 (doc. 1) and his motion for an out-of-time appeal (08-0390 doc. 33) are due to be denied and dismissed.  A Final Judgment will be entered.

Done this 24th day of May 2011.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671